UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 16-cv-81733-MIDDLEBROOKS

STEPHEN L. COOK,

    Plaintiff,

v.

AMERICAN HOME MORTGAGE CORP.,
d/b/a AMERICAN BROKERS CONDUIT,
MOTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
DEUTSCHE BANK NATIONAL TRUST
COMPANY,

    Defendants.
_____/

## ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

THIS CAUSE comes before the Court upon Defendants American Home Mortgage Corp. d/b/a American Brokers Conduit ("AHMC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank National Trust Company's ("Deutsche Bank," collectively, the "Defendants") Motion to Dismiss Complaint, or in the Alternative, to Abstain ("Motion"), filed on February 21, 2017. (DE 19). Plaintiff Stephen L. Cook ("Plaintiff") filed a response in opposition on March 7, 2017 (DE 20), to which Defendants replied on March 13, 2017 (DE 21). For the reasons stated below, the Motion is granted.

## BACKGROUND

The present action concerns the validity of a consumer "credit transaction" to secure a mortgage and the dependent right of the plaintiff-mortgagor to rescind the transaction under the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. §§ 1601, *et seq.* (DE 1, hereinafter "Complaint" or "Compl." at ¶¶ 2, 14).

On or about October 3, 2006, Plaintiff and AHMC executed a "consumer credit transaction" (the "transaction"), pursuant to which AHMC extended a loan to Plaintiff secured by a mortgage on Plaintiff's primary residence (the "property"). (Compl. at ¶ 23).[1] The mortgage, which granted AHMC a security interest in the property, was recorded in the Official Records of the Clerk of the Circuit Court of Palm Beach County, Florida. (*Id.* at ¶ 27).

Plaintiff alleges that on October 2, 2009, he mailed a notice of rescission to AHMC and its, agent, MERS. (*Id.* at ¶ 31). The basis for rescinding the transaction was the alleged presence of material inaccuracies in the payment schedule of the disclosure statement "issued in conjunction with [the transaction]." (*Id.* at ¶¶ 36-37). On or about October 6, 2011, AHMC, via MERS, assigned the mortgage to Deutsche Bank. (*Id.* at ¶ 32). Following Plaintiff's default on his loan repayment obligations (DE 19 at 3), Deutsche Bank initiated a foreclosure proceeding in Florida state court ("the state action"), which is currently pending. (Compl. at ¶ 33). Plaintiff invoked legal theories under TILA in the state action to support a motion for summary judgment and also as an unsuccessful basis for removing that action to this Court. (DE 19 at 2).

Plaintiff filed an independent Complaint in this Court on October 13, 2016. (DE 1). The Complaint ostensibly seeks equitable relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. (Compl. at ¶ 10). Specifically, Plaintiff asks the Court to (1) find that he properly rescinded the transaction pursuant to TILA; (2) order AHMC to unwind the transaction; (3) order Defendants to execute a release of the note and mortgage (4) order Defendants to pay the costs of defending the state action; and (5) determine that Plaintiff has a right to bring a claim for fraudulent foreclosure against Defendants. (*Id.* at ¶¶ 56(1)-(5)). Beyond equitable relief,

---

[1] The transaction was not a "primary mortgage" insofar as it "was not created to finance the acquisition or initial construction of Plaintiff's home" (Compl. at ¶ 28), but was rather a second mortgage used to satisfy Plaintiff's other debt obligations (*id.* at ¶¶ 24-25).

2

Plaintiff also requests that the Court award him compensatory damages for his emotional suffering as a result of Defendants' "unlawful litigation" against him. (*Id.* at ¶ 56(6)).

Defendants bring the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6). (DE 19 at 1). They argue that Plaintiff's TILA claims are barred by that law's statute of limitations. Alternatively, they also maintain that *Younger* and *Colorado River* abstention doctrines apply. Because I agree with Defendants' statute of limitations reasoning, I do not reach the abstention issue.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## DISCUSSION

The Declaratory Judgment Act (the "DJA") "is not an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Thus, for a federal court to be able to adjudicate and declare parties' rights under the DJA, a complaint must allege a standalone basis for federal jurisdiction, "such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). The basis for subject matter jurisdiction in this case is an alleged violation of TILA, presenting a federal question. And since the DJA "creates a remedy, not a cause of action," *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33, n.3 (1st Cir. 2007), the viability of this declaratory relief action will turn on the viability of Plaintiff's

4

"substantive [TILA] claims." *Long v. Wells Fargo Bank, N.A.*, __ F. App'x __, 2016 WL 6803706, at *2 (10th Cir. 2016).

Defendants argue that those claims are foreclosed by TILA's statute of limitations. TILA establishes a window of "one year from the date of the occurrence of the violation" for a potential plaintiff to bring suit. 15 U.S.C. § 1640(e). Plaintiff's Complaint and Response cite *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), for the proposition that a borrower has three years from the date the transaction occurred to timely rescind a credit transaction. But at most, *Jesinoski* moved back by three years the date that a violation under TILA accrued.[2] The accrual period is not the same as the statute of limitations period. An action under TILA must still be filed within one year of a violation's occurrence. Since Plaintiff mailed a notice of rescission on October 2, 2009, Defendants' violation arguably occurred as late as October 23, 2009 – the day the 20 day window for a lender to respond to a rescission notice closed, 15 U.S.C. § 1635(b). Even under that scenario, Plaintiff needed to file a complaint by October 23, 2010 to satisfy TILA's statute of limitations. He did not do so. Accordingly, his TILA claim, and therefore also his DJA action, is time-barred.

Plaintiff attempts to side-step the statute of limitations barrier by drawing a distinction between an action for damages and one for declaratory relief. In his view, § 1640(e)'s one-year window applies for claims seeking damages, but claims under the DJA, which offers equitable relief, can be brought at any time. In this way, a plaintiff can bootstrap an otherwise time-barred TILA claim onto a declaratory action. First, even accepting this proposition, Plaintiff has asked for compensatory damages in his Complaint, making the instant suit one for both legal and

---

[2] Although even that inference is speculative, because nothing in the opinion directly equated the notice of rescission – or a lender's failure to respond thereto – with a "violation." The opinion merely distinguished the period for rescinding the transaction with the period for filing suit. *Jesinoski*, 135 S. Ct. at 792.

5

equitable relief. Second, Plaintiff's theory is inconsistent with the basic premise of the DJA. As previously discussed, a request for declaratory relief fails when the substantive claim on which it relies fails as a matter of law. *Long*, 2016 WL 6803706, at *2.

Nor is there any exception for dismissals that result from procedural bars, such as a statute of limitations, as opposed to a ruling on the merits. Invoking the "concurrent remedy doctrine," the Eleventh Circuit has specifically held that "where a party's legal remedies are time-barred, that party's concurrent equitable claims generally are barred" as well. *Nat'l Parks & Conservation Ass'n v. Tennessee Valley Authority*, 502 F.3d 1316, 1326 (11th Cir. 2007) (plaintiffs' claims against TVA for declaratory and injunctive relief time-barred even though, nominally, statute of limitations only applied to legal relief); *accord Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 675 (10th Cir. 2016); *Algrant v. Evergreen Valley Nurseries Ltd., P'ship*, 126 F.3d 178, 184-85 (3d Cir. 1997); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688-89 (9th Cir. 1993); *Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir. 1991); *see also Town of Orangetown v. Gorsuch*, 718 F.2d 29, 41-42 (2d Cir. 1983) (coming to same conclusion, but in narrower context of state law).[3] Remedies are "concurrent" not only when the equitable relief is used to achieve the same "goals and effects" that civil penalties would target, but also when any "action at law or equity could be brought on the same facts." *Nat'l Parks*, 502 F.3d at 1327 (quoting *United States v. Telluride Co.*, 146 F.3d 1241, 1248, n.12 (10th Cir. 1998)). In this case, the facts relevant to Plaintiff's TILA claim had all occurred by October 2009. Plaintiff

---

[3] It is also noteworthy that when confronted precisely with time-barred TILA claims, the Fifth Circuit negatively characterized any potential exception thereto based on declaratory relief, writing, "[a]ppellants offer no arguments or briefing to suggest that a declaratory judgment can be used to avoid and evade the statute of limitations on the substantive claim." *Val-Com Acquisitions Trust v. Wells Fargo Bank, Nat'l Ass'n*, 428 F. App'x 313, 314 (5th Cir. 2011). However, because the plaintiffs in that case did not argue the point on appeal, the Fifth Circuit considered the issued waived. *Id.*

6

could have asserted legal and/or equitable relief on these facts for up to a year afterward, but he chose not to do so. As a consequence, he cannot circumvent the time-bar "merely by draping [his] claim in the raiment of the Declaratory Judgment Act." *Algrant*, 126 F.3d at 185 (citations and alterations omitted).

It is hereby **ORDERED** and **ADJUGED** that Defendants American Home Mortgage Corp. d/b/a American Brokers Conduit, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank National Trust Company's Motion to Dismiss Complaint, or in the Alternative, to Abstain (DE 19) is **GRANTED**. Plaintiff Stephen L. Cook's Complaint is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE** and **DENY** all pending motions **AS MOOT**.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 17 day of April, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record